## McDonald vs. Pierson and others.

The plaintiff entered into an agreement with the defendants, by which he agreed to ship and deliver to the defendants a force pump, of the value and for the price of $60, promising that if the defendants could not make it operate he would make it work, so as to throw water all over the mills of the defendants, or that he would take it away again ; the defendants agreeing that if the plaintiff would send them such a pump, on trial, they would try it, at their earliest convenience, or when they could, after which, if they liked it, they would buy it, and pay the plaintiff $60 for it. *Held* that this was not a sale of the pump, but a conditional agreement by the defendants to purchase it at a future time.

*Held, also,* that the defendants were bound to try the pump within a reasonable time ; and that they having kept the same in their possession for nearly two years, without making any trial of its sufficiency, or showing any valid excuse for the neglect, the plaintiff was at liberty to treat the condition annexed to the contract as waived, and was entitled to recover the stipulated price of the pump.

*Held, further,* that a trial or experiment of the identical pump was what the agreement required, and no other test was admissible. Hence the opinions of mechanics and experts, who, after examining the pump, had pronounced it insufficient to accomplish the purpose for which it was designed, furnished no excuse to the defendants for omitting to make a trial of the pump.

APPEAL from a judgment entered upon the report of a referee. The action was brought upon an alleged contract for the sale and delivery of a force pump, to the defendants, for the price or sum of $60. The answer of the defendants contained a general denial of any purchase or sale. The referee reported that there was no sale of the pump to the defendants, absolute or conditional; and that they were not liable for the price, but were entitled to judgment for costs. The plaintiff appealed.

*A. McDonald,* appellant, in person.

*S. Wakeman,* for the respondents.

*By the Court,* WELLES, J. The complaint is upon an unconditional sale of a large sized force pump, of the value and for the price of sixty dollars. The referee reports the

McDonald *v.* Pierson.

contract between the parties as follows : That on or about the 10th day of August, 1855, the plaintiff made a contract with the defendants, by which he agreed to ship and deliver the pump to them, promising if the defendants could not make it operate, he would make it operate, so as with 50 or 60 feet of hose to throw water all over the Genesee county mills, at Batavia, N. Y., then owned by the defendants, or that he would take it away again ; the defendants agreeing that if the plaintiff would send them such a pump, on trial, they would try it at their earliest convenience, or when they could, and after trying it, if they liked it, they would buy it and pay the plaintiff $60 for it. This was not a sale of the pump, but a conditional agreement by the defendants to purchase it at a future time. The plaintiff cannot therefore recover upon the contract set forth in the complaint. But the trial seems to have been conducted without any reference to the allegations in the pleadings, and if the plaintiff has made out a case by evidence on the trial entitling him to recover at all, on the contract proved and as found by the referee, he should be permitted to recover, notwithstanding the variance between the contract stated in the complaint and the one proved. There was a motion for a nonsuit, before the referee, but no grounds were stated, and the motion was denied. If necessary to amend the complaint, in this respect or in any other, the referee had the same power to allow it as the court possesses ; and if this variance had been stated as the ground of the motion for a nonsuit, and the referee had deemed it sufficient, he would probably have allowed an amendment of the complaint, if requested, on the trial.

The referee further reports, that soon after the contract was entered into as above, the plaintiff shipped the pump in accordance with his contract, and it was received by the defendants. That late in the fall of 1855 the plaintiff called at the defendants' mills and inquired of the defendants when they would try the pump. That the defendants then stated to the plaintiff that when they finished their repairs upon

their mill they would try it; that the plaintiff then told the defendants that if they would let him know when they got ready to try it, he would come up and make it operate as recommended, or take it away. That during the spring, summer and fall of 1856, the plaintiff called several times at the defendants' mills, at Batavia, to have the defendants try the pump. That the repairs on the defendants' mill were finished in the fall of 1856. That the defendants kept the pump in their possession until after the first of April, 1857, and then shipped it by rail road to the plaintiff at Caledonia, where he then resided. That the defendants did not at any time make any trial of the pump, but had it examined by mechanics and experts, who pronounced it insufficient to accomplish the purpose for which it was recommended. That on or about the first day of June, 1857, the pump arrived at Caledonia, and the plaintiff, on learning that fact, on the first day of June, 1857, wrote to the defendants declining to receive the pump. There were some other facts found by the referee, but they are not material to be here stated.

The referee reported, as conclusions of law upon the facts reported, 1st. That there was no sale of the pump by the plaintiff to the defendants, either absolute or conditional. 2d. That there was no breach of the contract on the part of the defendants, on account of which they were liable for the price of the pump, or damages to that amount. 3d. That because mechanics and experts after examining the pump had pronounced it insufficient to accomplish the purpose for which it was recommended, the defendants were excused from making any trial of the pump. 4th. That the time within which the defendants were to try the pump, in accordance with their contract, had expired before the 1st day of January, 1857. 5th. That the defendants had not been guilty of any breach of contract for which they were liable in damages, and that they were entitled to judgment for their costs.

The 2d, 3d and 5th conclusions of law by the referee I think were erroneous. By the agreement between the par-

McDonald *v.* Pierson.

ties, the defendants were to try the pump at their earliest convenience, or when they could. That meant within a reasonable time, when it could be done. There is nothing in the whole case tending to show that the trial could not have been made within a week after the defendants received the pump, or at any of the various times when the plaintiff called on the defendants to try it. The excuse for not trying it is entirely insufficient. The opinions of mechanics and experts, as to the quality or capability of the pump, was not the test contemplated by the contract of the parties. A trial or experiment of this identical pump was what the agreement required; and no other test was admissible. This the defendants declined or neglected to apply. Having kept the pump in their possession for nearly two years, without making any trial of its sufficiency, and as I think without any reasonable excuse for the neglect, the plaintiff was at liberty to treat the condition connected with the contract as waived, and was entitled to recover the stipulated price of the pump. (1 *Pars. on Cont. p.* 450.)

For these reasons I think the judgment should be reversed, the report of the referee set aside, and a new trial ordered, with costs to abide the event. The plaintiff to be at liberty to amend his complaint if so advised, by adding another statement of his cause of action. Such amendment to be made in 20 days after notice of the order to be entered hereon, and the defendants are to have 20 days in which to answer the amended complaint.(*a*)

Judgment accordingly.

[Monroe General Term, September 1, 1862. *Johnson, E. Darwin Smith* and *Welles,* Justices.]

(*a*) On reflection, I see no necessity for ordering a new trial. No evidence was excluded that was offered on the trial, and it is all reported by the referee with his findings both of fact and law. No objections are now made to the findings of the facts, and upon the facts so found the plaintiff appears to be entitled to recover the price agreed upon for the pump, with interest from the expiration of the time in which the defendants were to make the trial,

which the referee reports was the 1st day of January, 1857. Upon the whole, it seems to me that this court may now render the same judgment which the referee ought to have rendered, which is the price agreed to be paid for the pump, $60, and interest from January 1, 1857, to August 1, 1862, 5 years and 7 months, $21.35; making in all $81.35. But my brethren entertain the opinion that a new trial must be awarded, on the ground that the defendants should be at liberty to furnish further evidence in support of their defense, if in their power.